## THE STATE v. JAMES SHREEVE.

The Court of Common Pleas have no jurisdiction to appoint surveyors of the highways, without due proof, that the advertisements have been set up according to law. Whether the proof is sufficient, or not, is left to their judgment; but there must be proof, to give them jurisdiction. If a *particular* jurisdiction does not *show* the matter to be within its authority, it must be taken to be without it.

This was a *certiorari* directed to the Common Pleas of Burlington county, removing the return of a road. The opinion of the court was delivered by

FORD, J.    The return of a road in the township of Springfield, in the county of Burlington, is objected to on *certiorari.* The statute enacts that ten or more freeholders may apply for the appointment of surveyors to lay out a public road, "having given previous notice, for at least ten days, of such intended application, by advertisements in writing under their hands, set up in three of the most public places in the township; and the court, *on due proof being made that the advertisements have been set up according to law,* are authorized to appoint, &c. *Rev. Laws,* 615.    The court has no jurisdiction to appoint, without due proof that the advertisements have been· set up according to law.    Whether the proof is sufficient or not, is

left to their judgment; but there must be proof, to give them jurisdiction. This order was made without any proof. It simply states, that on the application of ten freeholders, the court appointed six surveyors, to meet at a certain time and a certain place, to enter on the business. It is made precisely as it would be, if no proof had been offered. The counsel suggests, for the sake of curing this defect, that we ought to presume they acted upon due proof. Where the authority is granted on terms, the order must show that those terms were complied with; it must show that the power has been strictly pursued. *Com. Dig. title Poiar, F.* We cannot give jurisdiction, by presumption. HOLT, C. J. says, what TWISDEN said long before, and what is now a settled rule in all courts, that "if a *particular* jurisdiction does not *show* the matter to be within its authority, it must be taken to be without it." 2 *Salk.* 522.

The other reasons do not appear to be sufficiently supported; but this one is so fatal that the return must be set aside.

HORNBLOWER, C. J. concurred.

RYERSON, J. concurred.

*Return Set Aside.*

CITED in *N. J. R. R. & Tr. Co.* v. *Suydam,* 2 *Harr.* 32 ; *Highway Re,* 3 *Harr.* 293 ; *Hoagland* v. *Culvert, Spencer,* 388 ; *State* v. *Lewis,* 2 *Zab.* 565 ; *Stout* v. *Freehold ers of Hopewell,* 1 *Dutch.* 205.